Shaunak Sayta (SBN: 291129)
shaunak@sayta.com
3634 16th Street #4
San Francisco, CA, 94114
Tel: (415) 905-0887
Fax : (516) 340-2195

**Attorney for the Plaintiff,
Elaky International Limited.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ELKAY INTERNATIONAL LIMITED**, et. al.<br><br>Plaintiffs,<br><br>vs.<br><br>**COLOR IMAGE APPAREL, INC** et. al.<br><br>Defendants. | Case No.: 2:14-cv-08028-MMM (VBKx)<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGEMENT AGAINST DEFENDANT COLOR IMAGE APPAREL INC. PURSUANT TO RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEURE.**<br><br>Date: June 1, 2015<br>Time: 10:00am.<br>Courtroom: 780<br>Judge: Honorable Margaret M. Morrow |

1　　**PLEASE TAKE NOTICE** that on June 1, 2015 at 10:00 a.m., or as soon

2　thereafter as it may heard, in Courtroom 780 at the United States Courthouse located at

3　255 E. Temple St., Los Angeles, CA 90012, Plaintiff, ELKAY INTERNATIONAL

4　LIMITED will and hereby does move this Court for partial summary judgment in an

5　amount of $469,104.01 towards the Common Count of Goods Sold and Delivered,

6　against the Defendant Color Image Apparel Inc. pursuant to Rule 56(a) of the Federal

7　Rules of Civil Procedure, there being no genuine dispute as to any material fact the

8　Plaintiff relies upon for the purpose of this motion.

9　　This motion is made following the conference of counsel pursuant to Central

10　District Local Rule ("L.R.") 7-3 which took place through an exchange of four emails

11　commencing January 26, 2015 through March 5, 2015, in conclusion to which no

12　agreement could be reached. Accordingly, this motion.

16　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

19　Dated: March 7, 2015　　　　　　　　　　　　_____/s/Shaunak Sayta____
20　　　　　　　　　　　　　　　　　　　　Shaunak Sayta
21　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff,
22　　　　　　　　　　　　　　　　　　　　ELKAY INTERNATIONAL LIMITED

# MEMORANDUM OF POINTS AND AUTHORITIES

The Plaintiff, herein brings a motion for partial summary judgment for the Common Count of Goods Sold and Delivered, namely the fourth cause of action in the First Amended Complaint. The Plaintiff brings a motion for partial summary judgment because there is no genuine dispute as to any material fact, in regard to the money due and owing towards the goods sold and delivered to Color Image Apparel Inc. ("Color Image"). For the removal of any doubts, the Plaintiff submits that it does not waive its right to fully litigate the entirety of its lawsuit, finally at trial in accordance with proof it will present.

## 1. INTRODUCTION

Elkay International Limited ("Elkay") herein moves for Partial Summary Judgment, for the goods sold and delivered to Color Image. Color Image ordered goods worth $469,104.01 and accepted the delivery of goods from Elkay, but has not paid for the goods.

Counsel for the Defendants contends that because the Defendants purportedly have a counterclaim, which has not been asserted at this stage, the Defendants are justified in withholding payment for the goods sold and delivered. The Plaintiff will show that there is no justification for this position, and even if the Defendants have a counterclaim, they cannot withhold payment of the price of goods sold and delivered.

## 2. APPLICABLE LAW

California law gives an unpaid seller a cause of action by way of a common count for goods sold and delivered. *Urica, Inc. v. Pharmaplast S.A.E.*, (C.D. Cal., Aug. 8,

2014, CV 11-02476 MMM RZX) 2014 WL 3893372, at *25. California's version of the Uniform Commercial Code also provides an unpaid seller a remedy for the price of goods sold. *Cal. U. Com. Code*, § 2709 The outcome is essentially the same, the seller of goods is entitled to the price of goods, regardless of which body of law is applied.

### 3. THE STANDARD FOR GRANT OF SUMMARY JUDGEMENT

If there is no genuine dispute as to any material fact, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a **"genuine"** dispute as to those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). (emphasis added). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.' *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). [T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis added).

Here, Elkay will show through this motion that there is no genuine issue of material fact in regard to the third cause of action, ie. the common count of goods sold and delivered. Color Image ordered goods, and accepted the goods. Accordingly, the price of the goods is due and owing to Elkay, and Elkay accordingly seeks partial

summary judgment for this cause of action in an amount of $469,104.01 together with prejudgment interest as allowed by law.

### 4. EVIDENCE ON MOTION FOR SUMMARY JUDGEMENT

The Court can consider evidence that would be admissible at trial, at the summary judgment stage. *Fraser v. Goodale*, (9th Cir. 2003) 342 F.3d 1032, 1037. Here it is submitted that the documents relied upon would be admissible at trial, with proper authentication. In particular, Elkay relies on the bills of lading issued by Cargomar. Bills of Lading are admissible under the business records exception to the hearsay rule. *Sea-Land Service, Inc. v. Lozen Intern., LLC.*, (9th Cir. 2002) 285 F.3d 808.

Accordingly, it is submitted that the documents relied on that are herein exhibited are admissible in evidence for the purpose of determining this motion.

### 5. THE COMMON COUNT OF GOODS SOLD AND DELIVERED

The elements of a claim for goods delivered are (1) that defendant requested, by words or conduct, that plaintiff deliver goods for defendant's benefit; (2) that plaintiff delivered the goods as requested; (3) that defendant has not paid plaintiff for the goods; and (4) the reasonable value of the goods that were provided. *Starnet Intern. AMC Inc. v. Kafash* (N.D. Cal., Mar. 8, 2011, 09-CV-04301-LHK) 2011 WL 845908, at *11.

"In California, the essential elements for a common count are (1) a statement of indebtedness in a certain sum; (2) consideration (i.e., goods sold); and (3) non-payment." *G. Hirsch & Company v. Amerisourcebergen Corp.*, No. C06–00608 CW, 2006 WL 1348568, *2 (N.D.Cal.2006) (citing *Farmers Insurance Exchange v. Zerin*, 53 Cal.App.4th 445, 460 (1997)); see also *Miniace v. Pacific Maritime Ass'n*, 424 F.Supp.2d 1168, 1186 (N.D .Cal. Feb. 23, 2006) ("Common count is used for obtaining recovery from a debt stemming from a

contract. The only essential allegations of a common count are '(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment,' " quoting *Farmers Insurance Exchange*, 53 Cal.App.4th at 460).

Here, Elkay will show that these elements are satisfied, Elkay received purchase orders from Color Image, Elkay manufactured goods and delivered goods to Cargomar in satisfaction of the purchase orders. Elkay accordingly seeks partial summary judgment for $469,104.01, the price of goods in accordance with the price quoted by Color Image in the purchase orders.

## 6. MATERIAL FACTS RELIED ON, IN REGARD TO WHICH THERE IS NO GENUINE DISPUTE FOR THE PURPOSE OF THIS MOTION

The following facts are material and it is submitted on behalf of the Plaintiff that the there can be no genuine dispute in regard to these facts;

a. Color Image placed purchase orders for t-shirts with the Elkay.

b. Elkay manufactured t-shirts pursuant to the purchase orders by Color Image.

c. The Global Quality Control representative of Color Image, inspected and approved 304,199 t-shirts as being in accordance with the quality specifications as agreed between Color Image and Elkay and as being without defects.

d. Color Image directed Elkay to deliver the t-shirts to a cargo freight agent appointed by Color Image, M/s Cargomar.

e. Elkay delivered an aggregate of 304,199 t-shirts to Cargomar, who in turn shipped 304,199 t-shirts in accordance with instructions it received from Color Image.

  f. The terms of the contract between Elkay and Color Image in regard to the sale of t-shirts were on an free on board ie. an "f.o.b" basis.

  g. Color Image has not paid for the t-shirts accepted by it, and $469,104.01 is currently due and owing for the goods delivered to Color Image.

These facts are pertinent in regard to the common count of Goods Sold and Delivered to the extent of $469,104.01 and Elkay respectfully seeks an order directing Color Image to pay $469,104.01 to Elkay, along with prejudgment interest as allowed by law.

  **a. There is no genuine dispute of fact in regard to the fact that, Color Image placed purchase orders for t-shirts with the Elkay.**

Elkay relies on Purchase Orders (**Exhibit A - F**), transmitted through email by Victoria Law, an employee of Color Image to Pankaj Garg, the director of Elkay (**Exhibit G-J**).

Each Purchase Order is addressed to "ELKAY INTERNATIONAL LIMITED", and requests that goods be shipped to "COLOR IMAGE APPAREL INC.". Each Purchase Order contains details in regard to the price, description, style, size and color of the t-shirts.

Each Purchase Order was transmitted as a pdf file by email (**Exhibit G, H, I and J**) from Victoria Law, the Import Sourcing-Production Manager, of Color Image having the email address victoria.law@bella.com to Pankaj Garg, the director of Elkay at his email address pgarg@elkay.in

Accordingly, it is submitted that there can be no reasonable dispute in regard to the material fact that Color Image placed purchase orders for t-shirts with Elkay.

### b. There is no genuine dispute of fact in regard to the fact that Elkay manufactured t-shirts pursuant to the purchase orders by Color Image.

Elkay relies on Inspection Certificates (**Exhibit K, L, M, N, O**, and **P**) issued by Color Image to show the fact that Elkay manufactured goods pursuant to the purchase orders placed by Color Image. Each Inspection Certificate cross references the Purchase Order number, corresponding to which the t-shirts were manufactured, and the quantities that were inspected pursuant to the Purchase Order. The Inspection Certificates mention that the goods were made in India.

Each Inspection certificate bears the stamp of Color Image, and is signed the "GLOBAL QC REPRESENTATIVE" of Color Image. (capitalized in original)

Accordingly, it is submitted that there can be no reasonable dispute in regard to the material fact that Elkay manufactured the goods in India, pursuant to the purchase orders placed by Color Image.

### c. There is no genuine dispute of in regard to the fact that the Global Quality Control representative of Color Image, inspected and approved 304,199 t-shirts as being in accordance with the quality specifications as agreed between Color Image and Elkay and as being without defects.

The Plaintiff relies upon the Inspection Certificates (**Exhibit K, L, M, N, O,** and **P**) issued by Color Image to contend that there is no reasonable dispute of fact in regard to the fact that Color Image inspected and approved of the quality of the goods, that are the subject matter of the present motion.

Each of the Inspection Certificates (**Exhibit K, L, M, N, O,** and **P**), mentions particularly that "[the] MERCHANDISE HAS BEEN INSPECTED ON A 4.0 AQL BASIS AND THE QUALITY MET THE SPECIFICATIONS WITHOUT DEFECTS AS AGREED BETWEEN COLOR IMAGE APPAREL INC. AND M/S ELKAY INTERNATIONAL LIMITED.." (capitalized in original)

The Inspection Certificates (**Exhibit K, L, M, N, O,** and **P**) are signed and executed by Color Image's Global QC Representative. The Inspection Certificates also bear the stamp of Color Image.

Elkay relies upon the Declaration issued by Mr. Lakshman Sugumar (**Exhibit R**, generally), the former Global QC Representative of Color Image, who signed each of the Inspection Certificates, in regard to the inspection carried out and the certificate issued by him.

Mr. Lakshaman Sugumar declared that he was in charge of checking the quality of the goods manufactured by Elkay. *Id.* at Para 9. Mr. Lakshman was also similarly responsible for checking the quality of goods manufactured by other vendors. *Id.* at Para 6. Mr. Lakshman certified that the goods inspected by him, were of the 4.0 AQL basis and met the specifications without defects as agreed between Color Image and Elkay based on the Canvas Product Standard Specifications issued by Color Image. *Id.* at Para 15.

Elkay also relies on the declaration of Pankaj Garg (**Exhibit Q**), the director of Elkay in regard to the fact of the inspections, and the fact that the goods were in accordance with the quality agreed. *Id.* at Para 11.

Accordingly, it is submitted that there can be no reasonable dispute in regard to the fact that the goods were approved by Color Image in terms of the quality as being in accordance with the agreement between Color Image and Elkay. Any contention of Color Image that the goods were lacking in terms of quality would also have been waived after Color Image accepted the goods, and failed to notify Elkay in a reasonable time of the defects, and did not give Elkay a reasonable opportunity to cure the defects.

    **d. There is no genuine dispute of fact in regard to the fact that Color Image directed Elkay to deliver the t-shirts to a cargo freight agent appointed by Color Image, M/s Cargomar.**

Elkay constantly coordinated with the logistics department of Color Image, and exchanged several emails in this regard.

On April 8, 2014 Jiao Liu, the Logistics Associate at Color Image directed an email transmission to Pankaj Garg, the director of Elkay (**Exhibit S**). Through this email transmission, Jiao Liu, cleared the goods that pertained to Loading Plan No. 7, directing Elkay to load the goods aboard the ship M. V. ITAL MASSIMA V. 063, through the freight agent of Color Image, M/s Cargomar. Jiao Liu, mentions in the email that the shipment would be expected to reach Los Angeles on May 14, 2014. This email pertains to Invoice #81 (**Exhibit AE**), and Bill of Lading #4699 (**Exhibit X**), and Purchase Orders #34005934, #34005692, #34006487 and #34006489 (**Exhibit A, Exhibit C, Exhibit B and Exhibit D** respectively), and Inspection Certificate in regard to inspection undertaken on March 28, 2014 (**Exhibit K**).

As instructed by Color Image, Elkay facilitated and ensured that the goods were delivered to Cargomar. The goods were in fact loaded on M. V. ITAL MASSIMA V. 063, which is evident from the Bill of Lading (**Exhibit X**).

It is submitted that upon delivery of the goods to Cargomar, the title to the goods passed to Color Image, and the price of the goods became due to Elkay.

Jiao Liu, through similar emails (**Exhibit T, U, V & W**) directed Elkay to load goods on to respective ships. The goods were in fact delivered to Cargomar on each instance. On each instance relied upon, the goods were loaded on the ship in accordance with instructions received from Color Image. A tabular summary of the details are as follows;

| Date of Email from Jiao Liu | Invoice | Bill of Lading | Purchase Order | Inspection Date |
|---|---|---|---|---|
| 4/8/2014 (**Exhibit S**) | Invoice #81 (**Exhibit AE**) | #4699 (**Exhibit X**) | #34005934, 34005692, 34006487, 34006489 (**Exhibit A,C,B,D**) | March 28, 2014 (**Exhibit K**) |
| 4/15/2014 (**Exhibit T**) | Invoice #82 (**Exhibit AF**) | #4708 (**Exhibit Y**) | #34005692, 34006487, 34005934 (**Exhibit C,B,A**) | April 10, 2014 (**Exhibit L**) |
| 4/24/2014 (**Exhibit U**) | Invoice #83 (**Exhibit AG**) | #6816 (**Exhibit AA**) | 34006483 (**Exhibit E**) | April 20, 2014 (**Exhibit M**) |
| 4/25/2014 (**Exhibit V**) | Invoice #84 (**Exhibit AH**) | #4721 (**Exhibit Z**) | #34006615, 34006487, 34005692, 34006489 (**Exhibit F, B, C, D**) | April 25, 2014 (**Exhibit N**) |
| 5/31/2014 (**Exhibit W**) | Invoice #90 (**Exhibit AI**) | #4754 (**Exhibit AB**) | #34005692, 34006615, 34006489, 34006487 (**Exhibit C, F, D, B**) | May 26, 2014 (**Exhibit O**) |
| 5/31/2014 (**Exhibit W**) | Invoice #91 (**Exhibit AJ**) | #4758 (**Exhibit AC**) | #34006615, 34006489 (**Exhibit F, D**) | May 28, 2014 (**Exhibit P**) |

The Plaintiff also relies upon the declaration of Lakshman Sugumar the representative of Color Image (**Exhibit R** at Para 11, 18 and 19) in charge of inspecting the goods, and approving them. The Plaintiff also relies upon the declaration of Pankaj Garg, a director of Elkay in this regard.

The Plaintiff does not dispute that on some instances Cargomar used a different freight ship to finally transport the goods to Color Image, in accordance with the instructions received by Cargomar from Color Image. The Plaintiff submits that this was outside the Plaintiff's control, and shouldn't affect the Plaintiff's recovery for the price of goods.

Accordingly, Elkay submits that there is no genuine dispute in regard to the fact that Color Image directed Elkay to deliver the t-shirts to a cargo freight agent appointed by Color Image, M/s Cargomar.

> **e. Elkay handed over an aggregate of 304,199 t-shirts to Cargomar. Cargomar in turn shipped 304,199 t-shirts in accordance with instructions it received from Color Image.**

Elkay did hand over 304,199 t-shirts to Cargomar at the directions of Color Image. In this regard Elkay relies upon the bills of lading issued by Cargomar.

Cargomar issued a Bill of Lading ML/BOM/4699 dated 4/16/2014 (**Exhibit X**), ML/BOM/4708 dated 4/28/2014 (**Exhibit Y**), ML/BOM/4721 dated 5/6/2014 (**Exhibit Z**), R/CMAR/BOM/6816 dated 5/15/2014 (**Exhibit AA**), ML/BOM/4754 dated 6/12/2014 (**Exhibit AB**), ML/BOM/4758 dated 6/12/2014 (**Exhibit AC**).

Elkay also relies upon the declaration of Pankaj Garg (**Exhibit Q** at Para 13.) and Lakshman Sugumar (**Exhibit R** at Para 20) in regard to the fact that the goods were delivered to Cargomar.

Accordingly, Elkay submits that there is no genuine dispute in regard to the fact that 304,199 t-shirts were delivered to M/s Cargomar the freight agent appointed by Color Image.

### f. The terms of the contract between Elkay and Color Image in regard to the sale of t-shirts were on an free on board ie. an "f.o.b" basis.

Elkay relies upon the following documents in regard to the fact that the terms agreed between the parties were on an "f.o.b" basis.

The Purchase Orders issued by Color Image (**Exhibit A-F**), mention the term FOB on the top right hand corner. All except **Exhibit C & F**, mention it as "FOB Mumbai". The Plaintiff submits that the term applies for all the Purchase Orders, because of the declarations submitted (**Exhibit Q** at Para 4)**,** and (**Exhibit AD** at Para 6 and 8) and the emails of Jiao Liu (**Exhibit S-W**).

Accordingly, it is submitted that the contract between the parties provided that the goods were sold on an "f.o.b" basis, implying that the title passed at the time the goods were delivered to Cargomar, the freight agent of Color Image.

### g. Color Image has not paid for the t-shirts accepted by it, and $469,104.01 is currently due and owing for the goods accepted by Color Image.

Color Image has not paid Elkay for the goods, an amount of $469,104.01, that is currently due and owing to Elkay.

Elkay relies upon the Declaration of Pankaj Garg (**Exhibit Q** at Para 23) for this purpose, and the invoices issued by Elkay (**Exhibit AE-AJ**). The invoices prepared by Elkay are based on the prices in the Purchase Orders issued by Color Image (**Exhibit A-F**).

Accordingly, an amount of $469,104.01 is due and owing to Elkay towards the goods sold to Color Image, and accepted by Color Image.

### 7. IN CASES OF SALES ON F.O.B BASIS, TITLE PASSES AND THE PRICE BECOMES DUE AND OWING AT THE TIME OF SHIPMENT

Title passed to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. *Galicia v. Country Coach, Inc.*, 324 Fed. Appx. 687, 689 (9th Cir. 2009).

In cases of f.o.b sales, title passes at the point of shipment, which is Mumbai, in this case. (Williston on Sales, § 280, states the rule to be that where the contract provides for the delivery of goods f. o. b. at the point of shipment it is presumed that the title then passes...) *Lewis v. Farmers' Grain & Mill. Co.* (1921) 52 Cal.App. 211, 214 [198 P. 426, 427].

In this case, Elkay delivered goods to Cargomar who shipped the goods to Color Image. Elkay did not pay for insurance of the goods, and did not bear any of the risks and perils of the voyage from India onward and did not pay for the freight charges from India onwards. (**Exhibit Q** and Para 16-18 at pin cite and **Exhibit AD** at Para 6-8). Elkay did not bear any risk of the goods being destroyed after being delivered to Cargomar. Elkay received Purchase Orders that stated that the Purchase Orders were

FOB Mumbai (**Exhibit A - F**), the parties agreed that the goods were sold to Color Image on an FOB basis (**Exhibit Q** and Para 16-18 at pin cite and **Exhibit AD** at Para 6-8). Color Image directed that Elkay deliver the goods to Cargomar, the freight agent appointed by Color Image. (**Exhibit S - W**). Accordingly, the performance of Elkay was complete on delivery of the goods to Cargomar.

The payment of the price and the delivery of the goods are concurrent conditions. (And where such is the case the delivery of the goods and the payment of the price are conditions concurrent.) *Blackwood v. Cutting Packing Co.* (1888) 76 Cal. 212, 215 [18 P. 248, 250]. (The contract being thus silent on the matter of payment, regardless of the evidence referred to, the time of payment is, as a matter of law, fixed as at the time of delivery.) *United Canneries Co. of Cal. v. Seelye* (1920) 48 Cal.App. 747, 750 [192 P. 341, 342]. *Civ. Code*, § 1657.

Accordingly, an amount of $469,104.01 is currently due to Elkay, for goods sold and delivered to Color Image, and Elkay prays for an order or judgment directing Color Image to pay this amount along with pre judgment interest as allowed by law.

### 8. PRAYER FOR RELIEF

The Plaintiff submits that the court make findings of fact and conclusions of law in accordance with the statement of uncontroverted facts, and conclusions of law. The court direct Color Image to pay $469,104.01 along with prejudgment interest and the court find in favor of the Plaintiff, in accordance with the Proposed Order.

//

| | |
|---|---|
| 1 | Respectfully Submitted |
| 2 | |
| 3 | |
| 4 | |
| 5 | _____/s/_____ |
| 6 | Shaunak Sayta |
| 7 | Attorney for the Plaintiff |
| 8 | Elkay International Limited |
| 9 | March 7, 2015 |